**RGM** | REESE GORDON MARKETOS
COMMERCIAL TRIAL LAWYERS

Tyler J. Bexley
Attorney

tyler.bexley@rgmfirm.com
p (214) 382-9805
f (214) 501-0731

June 13, 2017

<u>*Via ECF Filing*</u>
The Honorable Paul D. Stickney
United States Magistrate Judge
1100 Commerce Street, Room 1611
Dallas, Texas 75242

    Re: *Avi S. Adelman v. Dallas Area Rapid Transit, et al.*, Case No. 3:16-cv-2579, in the United States District Court, Northern District of Texas

Dear Judge Stickney,

    Pursuant to Judge Boyle's April 10, 2017 and May 25, 2017 Orders of Reference [Dkt. ##19 & 30], Plaintiff Avi S. Adelman files this Appendix in Support of his Renewed Motion for Relief Pursuant to Rule 37 with a transmittal letter directed to your attention.

    Respectfully,

    Tyler J. Bexley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AVI S. ADELMAN, § § Plaintiff, § § v. § § DALLAS AREA RAPID TRANSIT and § STEPHANIE BRANCH, individually and in § her official capacity as a Dallas Area Rapid § Transit Police Officer, § § Defendants. § | CIVIL ACTION NO. 3:16-cv-2579 |

**APPENDIX IN SUPPORT OF PLAINTIFF'S RENEWED
MOTION FOR RELIEF PURSUANT TO RULE 37**

| Description | Page No. |
|---|---|
| Affidavit of Tyler Bexley | 3-6 |

Respectfully submitted,

**REESE GORDON MARKETOS LLP**

By: /s/ *Tyler J. Bexley*
 Tyler J. Bexley
 State Bar No. 24073923
 750 N. Saint Paul St., Suite 600
 Dallas, Texas 75201-3202
 214.382.9810 telephone
 214.501.0731 facsimile
 tyler.bexley@rgmfirm.com

**ATTORNEY FOR PLAINTIFF**

APP 1

## CERTIFICATE OF SERVICE

      The undersigned certifies that, on June 13, 2017, the foregoing document was submitted to the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system (CM/ECF) of the court.  I certify that the document was served on all known counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2).


                        *s/ Tyler J. Bexley*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVI S. ADELMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-2579 |
| | § | |
| DALLAS AREA RAPID TRANSIT and | § | |
| STEPHANIE BRANCH, individually and in | § | |
| her official capacity as a Dallas Area Rapid | § | |
| Transit Police Officer, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF TYLER BEXLEY

BEFORE ME, the undersigned authority, on this day personally appeared, Tyler Bexley whose name is subscribed hereto, and who, having first been duly sworn, states as follows:

I.      Qualifications.

I am over twenty-one (21) years of age and have personal knowledge of the matters stated in this Affidavit. My firm, Reese Gordon Marketos LLP ("RGM"), represents Plaintiff Avi S. Adelman. I have served as sole counsel of record for Plaintiff in the above-styled case since the initiation of the lawsuit.

I have been an attorney at RGM, a boutique law firm that handles only civil litigation, since July 2015. Prior to that, I was an associate in the litigation section at Vinson & Elkins LLP, an international law firm with more than 700 attorneys worldwide. I joined Vinson & Elkins in 2010, immediately after my graduation from The University of Texas School of Law. I have been licensed as an attorney by the State Bar of Texas since 2010 and have practiced law in the State of Texas continuously since being licensed. I am admitted to practice before all federal district courts in the State of Texas and before the Fifth Circuit Court of Appeals.

Over the last seven years, I have represented plaintiffs and defendants in numerous civil lawsuits in federal and state courts in Texas. I have been involved in all phases of litigation from pre-filing to jury trial to appeal, and, as is particularly relevant here, I have briefed and argued numerous discovery disputes. I also have tried multiple cases to verdict as lead or co-lead counsel and have prosecuted cases involving claims under Section 1983 and the First Amendment. Consequently, I am familiar with the type and

nature of legal services required to prepare and present this type of matter, as well as the reasonable and customary fees associated with the services.

In the Fifth Circuit, the reasonableness and necessity of attorney's fees is determined based on the "lodestar" method and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The factors in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct may also be relevant. I am thoroughly familiar with the requirements of the "lodestar" method, the *Johnson* factors, and Rule 1.04.

II.   Analysis and Opinions.

My opinion in this Affidavit is related to a discovery dispute and Motion to Compel filed by Plaintiff on April 7, 2017. I was the sole attorney responsible for drafting the Motion to Compel, the related Notice of Partial Resolution filed by Plaintiff on May 2, 2017, the Motion for Attorney's Fees, the Motion to Enforce, and the Renewed Motion. As itemized below, I expended 24.8 hours on these tasks:

| Date | Hours | Description |
| --- | --- | --- |
| April 4, 2017 | 4.0 | Begin drafting motion to compel discovery from DART; research related case law. |
| April 5, 2017 | 4.5 | Work on motion to compel discovery from DART and research supporting case law. |
| April 6, 2017 | 2.8 | Work on motion to compel documents and discovery responses from DART; review and compile supporting documents |
| April 7, 2017 | 1.0 | Revise, finalize, and file motion to compel and supporting appendix. |
| May 1, 2017 | 1.2 | Draft notice of partial resolution of motion to compel and request for immediate consideration and proposed order. |
| May 2, 2017 | 0.3 | Revise and file notice of partial resolution and new proposed order |
| May 5, 2017 | 2.3 | Begin drafting motion for attorney's fees relating to motion to compel; research related case law. |
| May 8, 2017 | 0.8 | Prepare attorney's fee affidavit; revise and finalize motion for attorney's fees. |
| May 22, 2017 | 1.2 | Review DART's supplemental discovery responses and start working on motion to enforce court order. |
| May 23, 2017 | 1.5 | Draft motion to enforce court order on motion to compel and compile supporting documents; draft proposed order. |
| May 25, 2017 | 1.7 | Draft reply in support of motion for attorney's fees. |

| June 12, 2017 | 0.7 | Review DART's response to motion to enforce; work on renewed motion to enforce and motion for attorney's fees. |
| June 13, 2017 | 2.8 | Draft renewed motion to enforce and motion for attorney's fees; draft supplemental attorney's fee affidavit; draft proposed order. |

Based on my experience, my work on this discovery dispute, and my review of the relevant standards, it is my opinion that these hours expended were reasonable and necessary.

My standard hourly rate is $375. Although I believe that $375 per hour is reasonable, I am reducing the rate for purposes of Plaintiff's Motion for Attorney's Fees to $300 per hour to address any concerns DART may raise. Based on my experience with litigation in the Northern District of Texas and my review of recent case law, it is my opinion that $300 per hour is a reasonable fee for this market for an attorney with my experience of nearly seven years.

Using an hourly rate of $300 multiplied by 24.8 hours, the lodestar amount is **$7,440**. It is my opinion that $7,440 is a reasonable and necessary amount of attorney's fees in this matter, considering the *Johnson* factors (and the similar Texas Rule 1.04 factors): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to the acceptance of this case; (5) the customary fee for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyers performing the services; and (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases.

Specifically, the time and labor required was necessitated by DART's continuous failure to respond to discovery and comply with Court orders. Although the questions presented were not particularly novel, the issues did require some level of legal research and briefing as well as sufficient skill to present the issues to the Court. As discussed above and in Plaintiff's motion, the hourly rate of $300 is consistent with the customary fee for similar legal services. In addition, the Scheduling Order in this case as well as ongoing discovery required some level of expediency in this discovery dispute. The results obtained also counsel in favor of an award of fees to Plaintiff, as Plaintiff obtained complete relief in this discovery dispute. Further, I have significant experience in federal litigation, including trial experience in the Northern District of Texas. I also have an extensive professional relationship with the client, dating back nearly seven years. Finally, as set forth in Plaintiff's motion, the requested amount is consistent with awards in similar discovery disputes.

Based upon my knowledge and experience in matters of this sort, it is my opinion that all of the services provided were and are necessary to represent Plaintiff in the discovery dispute, and the charges for such services were and are reasonable. It is my opinion that the lodestar amount of $7,440 represents a reasonable and necessary amount of attorney's fees for this discovery dispute.

_____
TYLER BEXLEY

SUBSCRIBED AND SWORN TO before me on the 13th day of June 2017.

_____
Notary Public in and for the State of Texas
My Commission Expires: 6-5-2020

ANN HALL
Notary ID # 5162940
My Commission Expires
June 5, 2020